# CHARLESTON.

### EVANS, CONSTABLE *v.* GRAHAM, *et al.*

Submitted January 26, 1893.—Decided March 22, 1893.

1. CONSTABLE—OFFICER—INDEMNIFYING BOND—OFFICIAL BOND.

   In order to authorize any officer who is required to levy an execution or warrant of distress on property to require an indemnifying bond it is necessary that a doubt should arise as to whether said property is liable to such levy, and, when the indemnifying bond so required has been given, the right of the officer to recover after a judgment has been obtained against him and his sureties in his official bond for making sale of the property does not depend upon the question as to whether said doubt was well founded or not.

2. OFFICER—CONSTABLE—INDEMNIFYING BOND—OFFICIAL BOND.

   Where an officer is required to levy an execution upon property which is claimed as exempt by the judgment-debtor, and an indemnifying bond is required and given, and said officer proceeds to make sale of the property, and damages are recovered from him and his sureties on his official bond, he may reimburse himself by a suit on the indemnifying bond.

3. OFFICER—CONSTABLE—INDEMNIFYING BOND—OFFICIAL BOND.

   An officer who is required to levy an execution on property, and a doubt arises as to whether such property is liable to distress or levy, may require an indemnifying bond, and, when the same is properly executed, return it within twenty days to the office of the clerk of the Circuit Court of the county in which such property may be, and thereby protect himself and his sureties in his

official bond from any action on his official bond, provided the security therein be good at the time of taking it, unless it be for the forfeiture of five dollars per day provided by section 25, c. 41, of the Code, and the forfeiture of double the value of the property sold by him, as provided in said section.

W. BEARD and LEONARD & ARCHER for plaintiff in error cited 13 W. Va. 686; 13 W. Va. 704; Murf. Shffs. §§ 580, 592; Code, c. 107 s. 2; Code c. 41, s. 25; Const. Art. VI, s. 48; Murf. Shffs. § 611; 8 W. Va. 612; 8 W. Va. 74; 60 Am. Dec. 381; 40 Am. Dec. 421; 55 Am. Dec. 83; 5 Munf. 287; Bar's Law Pr. 290, 291; 53 Ill. 460; 46 Ill. 398; 9 Wall. 254, Syl. 3.

JOHNSON, WATTS & ASHBY for defendants in error cited 10 W. Va. 115; 28 W. Va. 58; 9 W. Va. 391; 11 Wheat. 258; 15 Wall. 439; 12 W. Va. 259; Id. 713; 31 W. Va. 60; 13 W. Va. 686; 19 W. Va. 156; Code c. 41, s. 23; Id. c. 50, s. 151; Id. c. 107, s. 2; Lawy. Co-op. Dig. (1892) 1326; 23 Gratt. 418; 20 W. Va. 511.

ENGLISH, PRESIDENT:

This was an action of debt, instituted by C. S. Evans, a constable of Wirt county, in the Circuit Court of said county, against R. B. Graham and D. H. Bumgardner, on an indemnifying bond given to indemnify said constable for the sale under execution of a certain lease of a hotel. After the indemnifying bond was given said lease was sold by said constable; and the defendant in the execution brought an action against the constable on his official bond and recovered judgment therein; and thereupon this action was brought by said constable against the obligors in said indemnifying bond.

The defendants demurred to plaintiff's declaration, which demurrer was overruled. On the plaintiff's motion he was allowed to amend his declaration, to which amended declaration the defendants demurred, and the demurrer was overruled. The defendants then tendered a special plea in writing, which was objected to, and the objection sustained, and the defendants excepted. The defendants also tendered two other special pleas in writing, which were objected to. The objections were overruled, the said pleas

were allowed to be filed, and the plaintiff replied generally thereto.

Upon an agreed statement of facts the case was submitted to the court in lieu of a jury, and the court found for the defendants, and entered judgment in accordance with the finding. The plaintiff moved the court to set aside the judgment and enter judgment for the plaintiff which motion was overruled, and the plaintiff excepted to the ruling and judgment of the court, and applied for and obtained this writ of error.

The first error asserted and relied on by the plaintiff in error is that the Court erred in overruling the plaintiff's objection to the defendants' two special pleas, and in allowing them to be filed in defence of his action. The first of these pleas was *non damnificatus*, and the second alleged that at the time of the seizure and sale of said property described and set forth in the bond filed in said action, the said Green Taylor was not entitled to exemption of said property from execution as stated and alleged in the declaration filed in the case, or as stated in the affidavit accompanying the list in said declaration mentioned.

As to the first-mentioned plea, we find in Minor's Institutes (volume 4, p't 2, at page 1004) the law is stated thus: "Where, upon a condition to indemnify the plaintiff, the plea is *non damnificatus*, such a plea is in the nature of a plea of performance, being used where the defendant means to allege that the plaintiff has been kept harmless and indemnified, according to the tenor of the condition; and it is pleaded in general terms, without showing the particular manner of the indemnification"—and this we can but regard as a proper plea in the case under consideration.

In said second plea which was tendered by the defendants, objected to by the plaintiff, and filed by the Court, the defendants said that at the time of the seizure and sale of the said property described and set forth in the bond filed in said action the said Green Taylor was not entitled to exemption of said property from execution, as stated and alleged in the declaration in the cause filed, or as stated in the affidavit accompanying the list in said declaration mentioned, *etc.* Did this plea constitute a good defence to the action?

In determining this question let us examine first the language of the statute. Section 2, c. 107, of the Code, provides : "If any officer levy, or is required to levy, an execution or a warrant of distress on property, and a doubt shall arise whether the said property is liable to such levy, he may give to the plaintiff, his agent, or attorney at law, notice that an indemnifying bond is required in the case. Bond may thereupon be given by any person, with good security, payable to the officer in a penalty equal to double the value of the property, conditioned to indemnify him against all damages which he may sustain in consequence of the seizure or sale of said property, and to any claimant of said property all damages which he may sustain in consequence of such seizure or sale, and also to warrant and defend to any purchaser of the property such estate or interest therein as is sold."

From the language of this section it would appear that the only prerequisite to the requirement of an indemnifying bond by the officer is that he should be required to levy an execution or warrant of distress on property, and that a doubt should arise "whether said property is liable to such levy." The very object of the indemnifying bond, or at least one of its principal objects, is to protect the officer and his sureties on his official bond when he is required to levy, and he entertains doubts of 'his right to do so. The officer, in this instance, may have considered the property exempt, and for that reason required the indemnifying bond to protect him and his sureties from a suit for damages on his official bond, or he may have entertained doubts from some other cause.

If this was an action instituted by the judgment-debtor against the officer and his sureties on his official bond for making an illegal or improper levy, it might be material to determine whether the property taken under the execution was exempt or not; but this action is brought by the officer upon the indemnifying bond, after a judgment has been obtained against him and his sureties for selling property under execution which he had no right to sell, and after said judgment has been paid and satisfied.

In the suit against the officer on his official bond it must

have been alleged that he had seized and sold property which he had no right to sell, and in that suit the officer might have made the defence that the property sold was liable to levy and sale under the execution; but his failure to interpose such defence does not preclude him from maintaining this action upon the indemnifying bond. What issues were raised and determined in said suit brought by the said Green Taylor against the plaintiff on his official bond, and which resulted in a judgment against the plaintiff for one hundred and fifteen dollars, with interest and costs, we are not informed by the record; neither is it material here, as the correctness or validity of that judgment is not in question.

When such indemnifying bond is given in conformity to the requirements of the statute it becomes the duty of the officer to proceed with his execution, and the statute requires that the bond shall be returned within twenty days to the clerk's office of the Circuit Court of the county in which such property may be, and the claimant or purchaser of such property shall, after such bond is so returned, be barred of any action against the officer levying thereon, provided the security therein be good at the time of taking it, unless it be for the forfeiture of five dollars per day provided for by section 25, c. 41, of the Code, and the forfeiture of double the value of the property sold by him. It does not appear whether this bond was so returned, but, if so returned, it was a defence which the officer could rely on or not, at his option, without impairing his right to maintain his action upon said indemnifying bond.

In the case of *Aylett* v. *Roane*, 1 Gratt. 282, ALLEN, J., delivering the opinion of the court, in speaking of an indemnifying bond, says: "If good as a statutory bond (as I think it was, so far as the claimant of the property was concerned) that did not deprive the sheriff of his remedy on it (meaning the failure to incorporate in the bond a covenant for the protection of the purchaser of the property as required by statute.) The law permitting the sheriff to require a bond of indemnity was, in case of the sheriff, to relieve him from the responsibility which at common law rested on him. It is to be made payable to him, and is to

contain a provision for his indemnity. Unless the act had contained a provision authorizing a third person to put it in the suit in the name of the sheriff, he alone could have sued upon it. When he has taken a good bond, the law protects him from the action of the party claiming the property unless the securities in the bond become insolvent. But this is a matter of defence, which the sheriff may rely on or not, at his election; and his failure to set it up in a suit against him by the claimant of the property does not change or diminish the liability of the obligors in the bond. They are bound to indemnify the sheriff, as well as to pay the claimant of the property any damages he may sustain. When the claimant recovers his damages from the sheriff they are damages sustained by the sheriff in consequence of the seizure and sale of the property, for which the obligors are bound to indemnify him. Any other construction would render the condition to indemnify the sheriff supererogatory."

The question, then, presented by plea No. 2, I must regard as immaterial, for, if the averments contained in the plea were sustained by the proof, it would constitute no defence to the plaintiff's action. It it be true, as alleged in the plea, that the said Green Taylor was not entitled to exemption of said property from execution, yet, if the circumstances were such as to create a doubt in the mind of the plaintiff as to his right to levy and sell said property under the execution, it was a duty he owed to himself and his securities to require an indemnifying bond; and the correctness of his conclusions in requiring said bond has been approved by the judgment of a court in a suit on his official bond against him and his sureties, the propriety of which judgment we have neither the means nor opportunity at present of investigating.

It is, however contended by counsel for the defendants in error that there is no law authorizing a constable to take an indemnifying bond, and that for that reason the bond is bad as a statutory bond; but when we turn again to the statute we find the law is very broad : "If any officer levy, or is required to levy, an execution or warrant of distress on property," *etc.* Again, in the case of *Davis* v. *Davis*, 2

Gratt. 364, which was a suit against a constable for taking property of the plaintiff upon three executions against a third person, the constable filed a special plea, in which he set up an indemnifying bond executed by the plaintiff in the execution. The plaintiff claimed *oyer* of the bond, and demurred to the plea. The demurrer was overruled by the court, and judgment was rendered for the defendant, and, on appeal, the judgment was affirmed.

The action of the court in overruling the defendant's demurrer to the plaintiff's declaration in this case was not assigned as error at the time the writ of error was obtained, but counsel for the plaintiff in error insist that the court erred in overruling said demurrer, contending that it was incumbent on the plaintiff to allege that said Green Taylor was a husband and parent, residing in this state. This might be a proper criticism of the declaration if it devolved upon the plaintiff in an action of this character to show that the property he was required to levy upon was not subject to levy under execution; but, in order that such officer may be entitled to require an indemnifying bond, it is not necessary that his reasons for requiring an indemnifying bond should be well founded; it is sufficient if his doubts are satisfactory to himself to induce him, as a prudent man, to ask indemnity for himself and his sureties; and when once the indemnifying bond has been given, and he has sold the property, and judgment has been recovered off of him and his sureties in his official bond by the claimant of the property, it is not then incumbent on the officer to allege and prove that the property was not subject to execution. That question is eliminated when the indemnifying bond is given with good security.

So far as the officer is concerned, he must go on and sell, and, if he returns the indemnifying bond to the office in twenty days, the law provides that he and his sureties shall be protected unless it be from the forfeiture above mentioned, or he may look to his indemnifying bond for protection. It is true the statute provides that any officer who shall sell any property so claimed as exempt after the provisions of the twenty fourth section of chapter 41, of the Code, have been complied with by the debtor, his agent, attor-

ney, or wife, shall forfeit to such debtor double the value of the property so sold, which forfeiture may be recovered from the officer and his sureties on his official bond, in any court having jurisdiction of the case; but I do not think this provision prevents or precludes the officer from requiring an indemnifying bond when required to sell such property; nor do I think the question as to whether the property was really liable to sale under execution prevents the officer from recovering on the indemnifying bond; and I am of opinion the court committed no error in overruling the defendant's demurrer to the plaintiff's amended declaration.

There can be no question but that the plaintiff had the right, under the circumstances, to require an indemnifying bond, and it appears from the facts agreed; that, after said indemnifying bond was given, he proceeded to make sale of the lease levied upon, the defendants then claiming it as exempt, and including it in an exemption list delivered by them to the plaintiff, and the plaintiff in the execution denying that it was exempt, for the reason that the judgment was for the purchase-money of the lease; that said judgment-debtor thereupon sued the plaintiff in error and his sureties in his official bond, and recovered judgment against them for one hundred and fifteen dollars on the 25th day of October, 1886, with interest and costs, which judgment the plaintiff, in his declaration, alleges that he has fully paid off; and it is agreed that, if plaintiff is entitled to recover any judgment against the defendants, he is entitled to one hundred and eighty five dollars and seventy seven cents.

In these circumstances, my conclusion is that the right of the plaintiff to recover in said action did not depend upon the question whether the said judgment-debtor was entitled to claim said lease as exempt from sale under execution, or whether the plaintiff in error was justified, in the circumstances, in requiring an indemnifying bond. If he had good reasons for thinking he and his sureties in his official bond might be rendered liable by selling said lease it was his duty to require an indemnifying bond, and, having required it, and, when it was given, having sold the

property, and a judgment having been obtained against him and his sureties by reason of his action, he had a right to recover from the obligors in said indemnifying bond without reference to the correctness of his conclusion as to whether said lease was exempt from levy or not at the time said indemnifying bond was required.

My conclusion, therefore, is that the Circuit Court erred in finding for the defendants in said action. The judgment of the Circuit Court is therefore reversed, and this Court, proceeding to render such judgment as the court below should have rendered, it is ordered that the plaintiff recover of the defendants the sum of $————, the amount agreed upon in the agreement of facts, and the costs of said suit, together with the costs of this suit.

REVERSED.